NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0300n.06
Filed: May 28, 2008

07-5420

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JERRY W. DAVIS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| SIEMENS MEDICAL SOLUTIONS USA, | ) | WESTERN DISTRICT OF KENTUCKY |
| INC., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: KEITH, DAUGHTREY, and ROGERS, Circuit Judges.

PER CURIAM. In this diversity action for breach of an employment contract, plaintiff Jerry Wade Davis alleged that his former employer, defendant Siemens Medical Solutions USA, Inc., was liable for approximately $1.77 million in sales commissions that Davis claimed were unjustly withheld by the defendant. He also sought damages based on other state law claims – specifically, conversion, promissory estoppel, fraudulent misrepresentation, intentional infliction of emotional distress, unpaid wages, and breach of fiduciary duty.

After affording the parties extensive discovery, the district court granted summary judgment to Siemens on all but Davis's claim of fraudulent misrepresentation. *See Davis*

*v. Siemens Med. Solutions USA, Inc.* (*Davis I*), 399 F. Supp.2d 785 (W.D. Ky. 2005). In denying summary judgment to the defendant on that one cause of action, the district judge focused on a factual dispute about whether Douglas Spotts, Siemens's national sales manager in the company's Image Management Division, had informed Davis that if he accepted a position as product sales executive, the company would pay him commissions on national sales made by other Siemens sales agents who reported to Davis.

Consequently, the fraudulent-misrepresentation claim was tried by a jury at a trial presided over by a magistrate judge because the district judge was confronted with "an unanticipated scheduling conflict." At the conclusion of four days of trial, the jury returned a verdict in favor of Davis on the misrepresentation claim, awarding him $200,000 in compensatory damages but no punitive damages. Post-verdict, Siemens filed a renewed motion for judgment as a matter of law, a motion that the magistrate judge later granted, ruling that, under principles of Kentucky law, Davis could not have *reasonably* relied upon any representations made by Spotts that were in contravention of the unambiguous, written language contained in the Siemens Compensation and Commission Plan under which Davis was hired. *See Davis v. Siemens Med. Solutions USA, Inc.* (*Davis II*), No. 3:04CV-195-MO, 2007 WL 710133, at *4 (W.D. Ky. Mar. 6, 2007). Davis now appeals that post-trial decision, those portions of the district court's summary judgment order that were adverse to him, and certain evidentiary rulings made by the magistrate judge prior to and during trial.

**The Summary Judgment Ruling**

In addressing the defendant's claims for breach of contract, conversion, promissory estoppel, intentional infliction of emotional distress, and breach of fiduciary duty, the district judge expertly outlined the facts relevant to the dispute, provided a full exposition of the case law relevant to any decision on the matter, and accurately applied that law to the facts presented. Indeed, insofar as the decision in *Davis I* addresses the allegations of breach of contract, conversion, promissory estoppel, intentional infliction of emotional distress, and breach of fiduciary duty, any additional discussion of those claims by this court would be merely duplicative and would serve no useful purpose. We therefore affirm the grant of summary judgment to Siemens based upon the reasons set out by District Judge Heyburn in *Davis I*, reported at 399 F. Supp.2d 785.

**Grant of Judgment as a Matter of Law**

Similarly, Magistrate Judge Moyer's treatment of Siemens's post-trial motion for judgment as a matter of law accurately identified, explained, and applied the law relevant to Davis's claim of fraudulent misrepresentation. In that decision, the magistrate judge correctly noted that the district court's earlier denial of summary judgment on this ground was based upon the court's assumption that a genuine dispute existed as to whether Douglas Spotts made the representation concerning the payment of commissions that is

alleged by the plaintiff. As emphasized by the magistrate judge, however, even if such a representation had been made by Spotts, Davis could not have reasonably relied upon that promise, given the clear contract language to the contrary. For the reasons discussed in Magistrate Judge Moyer's memorandum opinion dated March 6, 2007, we also affirm the district court's decision granting Siemens judgment as a matter of law on the claim of fraudulent misrepresentation.

## Claim of Unpaid Wages (K.R.S. § 337.385*)*

In the summary judgment decision, the district court dismissed Davis's claim for lost wages under Section 337.385 of the Kentucky Revised Statutes because "Davis did not pursue his necessary administrative remedies before initiating his lawsuit." Subsequently, however, the plaintiff moved the court to revise its decision in light of a Kentucky Supreme Court decision overruling prior precedent that required such an administrative exhaustion. *See Parts Depot, Inc. v. Beiswenger*, 170 S.W.3d 354, 362 (Ky. 2005). The district judge granted that motion and filed a supplemental memorandum that again granted summary judgment to Siemens on this issue, this time on the alternate ground that the commissions were not "wages" because "Kentucky imposes no statutory duty to provide an override commission" and because Davis had not established that the commissions had been "agreed upon . . . or provided to employees as an established policy." Ky. Rev. Stat. § 337.010(1)(c).

To the extent that Davis's statutory wage claim is based upon the failure of Siemens to pay the plaintiff *commissions* that he believes he is due, the district court's breach of contract analysis in *Davis I* is applicable and fatal to the plaintiff's claim. To the extent that Davis's statutory claim is based upon the failure of the defendant to pay the entire *base salary* promised in the company's guarantee rider, we are informed by counsel that the issue has been resolved out of court to the satisfaction of both parties.

## Evidentiary Determinations

On appeal, Davis also challenges the magistrate judge's trial rulings that excluded evidence of mistreatment of Davis and of other Siemens employees at the hands of a management official *not* involved in the salary negotiations with Davis and also excluded evidence that the defendant failed to provide the plaintiff with a company car, as promised in a letter offering the product sales executive position to Davis. These and all challenges to evidentiary determinations at trial are reviewed on appeal only for an abuse of discretion. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997).

The magistrate judge's exclusion of evidence of alleged mistreatment suffered by Davis and by other Siemens employees at the hands of manager Thomas Riesenberg was proper. First, the sole remaining cause of action at trial was the plaintiff's claim of fraudulent misrepresentation, an alleged wrong that occurred when national sales manager Douglas Spotts, not Riesenberg, supposedly made certain promises to Davis. The fact

that Riesenberg may have "mistreated" the plaintiff approximately a year later might have been relevant to the already-dismissed claim for intentional infliction of emotional distress, but it had no relevance whatever to the inquiry of whether Spotts knowingly deceived Davis when discussing the job's payment scale with the plaintiff. Furthermore, Davis is unable to point to any testimony supporting a conclusion that Riesenberg had any role in the initial conversations with the plaintiff about the salary associated with the product sales executive position. Because evidence of alleged mistreatment of Davis or of other employees by *Riesenberg* is of no consequence to the determination of whether *Spotts* fraudulently misrepresented information to the plaintiff, such testimony was thus irrelevant to the misrepresentation claim before the jury and was properly excluded. *See* Fed. Rule of Evid. 401.

Likewise, the decision of the magistrate judge to disallow testimony regarding the failure of the employer to provide Davis with a company car was not reversible error. Although a letter from the defendant dated November 11, 2002, provided that it would "provide a car for your use in accordance with Siemens Company Car Policy," Davis later disavowed any claim to a company car. During his deposition testimony, the following exchange occurred between the plaintiff and defense counsel:

> Q. Are you claiming in this lawsuit that you were entitled to a company car while you worked as a product-sales executive?
>
> A. As were all of us [phonetic], I was entitled to one; but I don't think I'm claiming it in my suit. No.

Q. You're not asking for any damages because you didn't get a company car?

Mr. Bishop: Object, insofar as it calls for a legal conclusion.

Ms. Settle: You can answer it.

A. No.

Having asserted that the request for a company car was no longer part of his contract claim, Davis cannot now seek to resurrect that claim. Consequently, any error in the decision of the magistrate judge to exclude testimony relevant to that issue is harmless.

For the reasons set out above, we AFFIRM the judgment of the district court, including both the order granting summary judgment to the defendant and the order granting judgment as a matter of law to the defendant.